CHARLES HODGES, Appellant, v. THE COLFAX CONSOLIDATED COAL COMPANY.

**Mines and mining:** INJURY TO WORKMEN: CONTRIBUTORY NEGLIGENCE: PROXIMATE CAUSE. Where the mule driven by a miner could not see by reason of an accumulation of foul air in defendant's coal mine and slowed up, and the driver to avoid being caught between the mule and the car it was hauling jumped and was injured, his failure to sprag the car was not contributory negligence, and was not necessarily the proximate cause of his injury.

**Same:** ASSUMPTION OF RISK: EVIDENCE. Under the evidence in this case it is held that the question of whether plaintiff assumed

the risk of changed conditions in the ventilation of the mine in which he was working was for the jury.

*Appeal from Jasper District Court.*—HON. W. G. CLEMENTS, Judge.

TUESDAY, OCTOBER 26, 1909.

REHEARING DENIED TUESDAY, FEBRUARY 15, 1910.

SUIT at law to recover damages for personal injury. At the close of the plaintiff's evidence the court directed a verdict for the defendant, and rendered a judgment on said verdict against the plaintiff for cost. The plaintiff appeals.—*Reversed.*

*H. C. Evans* and *O. P. Meyers,* for appellant.

*Ryan & Ryan,* for appellee.

SHERWIN, J.—The plaintiff was a driver in the defendant's mine. He was taking two loads of coal out through the entry known as the "eighth east entry" at the time the injury complained of was received. He alleged in his petition, in substance, that the defendant had neglected to furnish him a safe place to work, and had neglected to warn him of the danger in using said eighth east entry. He alleged the general defective condition of the entry, and, in addition thereto, that it was subject to damps or foul air which entered it, from numerous dead rooms connecting with said entry. The defendant pleaded a general denial, the assumption of risk on the part of the plaintiff, and contributory negligence.

The testimony shows conclusively that the plaintiff had started out to the shaft with two loads of coal, each load weighing from one thousand six hundred to one thou-

sand eight hundred pounds, that the loads were drawn by a good sized mule, and that the plaintiff was driving on the end of the forward car with one foot resting on a four-inch projection on the front end of the car, the other foot resting on the chain to which the mule was attached, and with one of his hands resting on the load of coal and the other on the rump of the mule; that there was a grade of some twenty-five or forty percent down which he had to pass to reach the shaft; that, before starting down the grade, he spragged one of the wheels of his trip, and only one. The plaintiff testified that, after he had started down the grade and while passing some of the abandoned rooms connecting with the entry he was using, he was partially overcome by damps or foul air; that his lamp was greatly dimmed by said damps, so much so that he was unable to see perfectly what was ahead of him, and so much so that the mule could not see the road, and slowed up until it had nearly stopped; that the plaintiff's position on the front end of the car was such that he was in danger of being caught between the car and the mule, and he was, in fact, partially thrown from his seat; that when he realized that he could not maintain his seat, he jumped to save himself, and alighted on a pile of refuse which the defendant had allowed to accumulate beside the track, and, on account of the inequality of the surface of the ground at that point, one of his arms was thrown under the advancing cars and crushed, inflicting the injury of which he complains.

There was testimony tending to show that the plaintiff had neglected to properly sprag the cars before starting down the grade. But, however this may be, if his version of the cause of the accident had been accepted by the jury, if submitted to them, his failure to properly sprag the cars would not constitute contributory negligence. Such failure under the testimony given by the plaintiff would not necessarily be the proximate cause of the in-

jury. If it is true that the particular conditions existing at the time of the accident were caused by damps or foul air which the defendant had permitted to accumulate in the entry in question, the failure to properly sprag the cars would not necessarily constitute contributory negligence in this case.

It is contended by the defendant that the plaintiff knew of the conditions existing in this entry for at least three days before the accident occurred, and that, because of such knowledge, he assumed the risk incidental to its use. There might be force to this contention were it not for the fact that there was evidence before the jury tending to show that up until the night immediately preceding the accident fresh air had been supplied the eighth east entry by passing thereto from an adjoining entry, and that on the day preceding the accident another entry had been opened which diverted the fresh air which had previously gone to the eighth east entry, so that on the morning in question when the plaintiff went to work the conditions in the eighth entry were materially different. The plaintiff, of course, did not assume the risk of conditions of which he knew nothing, and hence it can not be said as a matter of law that there was no liability on the part of the defendant for injury caused by such changed conditions, if in fact they were so caused, which was a question for the jury.

Complaint is made of two or three rulings on the introduction of testimony, but, as the case must go back for a new trial and the same rulings are not likely again to be encountered, it is not necessary to discuss them.

There was error in directing a verdict for the defendant, and, because thereof, the judgment must be, and it is, *reversed.*